UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY LUTHER MILES, II,<br><br>Plaintiff,<br><br>v.<br><br>V. CRENSHAW, et al.,<br><br>Defendants. | 1:17-cv-01436 DAD-GSA-PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND/OR FOR COURT ORDER ENSURING THAT PLAINTIFF STAY IN CONTACT WITH OTHER INMATE<br><br>(ECF No. 6.) |

**I.     BACKGROUND**

Courtney Luther Miles II ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 25, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On November 1, 2017, Plaintiff filed a motion for appointment of counsel and/or for a court order ensuring that Plaintiff stay in contact with another inmate named Xavier Nailing. (ECF No. 6.)

**II.    MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in

1

certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff filed the Complaint on October 25, 2017, less than a month ago, and the Complaint awaits the court's screening required under 28 U.S.C. § 1915. Thus, to date the court has not found any cognizable claims in Plaintiff's Complaint for which to initiate service of process, and no other parties have yet appeared. Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

### III. MOTION FOR COURT ORDER

Plaintiff requests a court order ensuring that he stay in contact with another inmate named Xavier Nailing. Plaintiff asserts that inmate Nailing has experience with Federal Civil Complaints, has filed § 1983 cases in the past, and helped Plaintiff draft his Complaint. Plaintiff seeks to stay in contact with inmate Xavier Nailing, who has now been transferred to another prison.

Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139 (2017). Inmates may initiate requests to correspond with other inmates who are under the jurisdiction of any county, state or federal, juvenile or adult correctional agency by contacting their Correctional Counselor I (CCI). Id. Plaintiff is advised to follow procedures and use the available resources at the prison to obtain written authorization after consideration by prison officials of safety, security, and procedural priorities. The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are

needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970); Norwood v. Vance, 591 F.3d 1062, 1066-67 (9th Cir. 2010).

Further, the Court does not have jurisdiction in this action over anyone other than Plaintiff at this stage of the case, and cannot order prison officials to allow Plaintiff to correspond with other inmates. E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). Therefore, Plaintiff's motion must be denied.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, filed on November 1, 2017, is DENIED without prejudice; and
2. Plaintiff's motion for a court order ensuring that he stay in contact with inmate Xavier Nailing is DENIED.

IT IS SO ORDERED.

Dated: **November 13, 2017**  **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE