# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY LUTHER MILES II,<br><br>Plaintiff,<br><br>vs.<br><br>V. CRENSHAW, et al.,<br><br>Defendants. | 1:17-cv-01436-DAD-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY <u>HECK V. HUMPHREY</u>, 512 U.S. 477 (1994) AND <u>EDWARDS v. BALISOK</u>, 520 U.S. 641 (1997).**<br><br>**(ECF No. 1.)**<br><br>**30 DAY DEADLINE** |

Plaintiff, Courtney Luther Miles II, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 25, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

In the Complaint, Plaintiff claims that because of due process violations he was detained 40 months too long in prison. Plaintiff alleges that because he had no "strikes" or violent or serious offenses he was "half time" eligible, thus his prison term should have been shorter. Plaintiff names as defendants V. Crenshaw (Case Records Manager at Wasco State Prison) and F. Feliciano (Appeals Coordinator). Plaintiff seeks an order declaring that his civil rights have been violated, compensatory damages, and punitive damages.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is

a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Plaintiff's Complaint does not contain any allegations to show that Plaintiff's prison term has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997). **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated: __**March 30, 2018**__            __**/s/ Gary S. Austin**__
                                        UNITED STATES MAGISTRATE JUDGE