# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY LUTHER MILES II, <br><br> Plaintiff, <br><br> vs. <br><br> V. CRENSHAW, et al., <br><br> Defendants. | 1:17-cv-01436-DAD-GSA-PC <br><br> **ORDER ACKNOWLEDGING NOTICE OF VOLUNTARY DISMISSAL, AND DENYING REQUEST FOR RELIEF FROM PAYMENT OF FILING FEE** <br> **(ECF No. 11.)** <br><br> **ORDER DISMISSING CASE, WITHOUT PREJUDICE, UNDER RULE 41** <br><br> **ORDER DIRECTING CLERK TO CLOSE CASE** |

## I. BACKGROUND

Courtney Luther Miles II ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 25, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On March 30, 2018, the court issued an Order to Show Cause, requiring Plaintiff to respond within thirty days showing why this case should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

On April 16, 2018, Plaintiff filed a motion to withdraw this case, requesting to be excused from paying the filing fees. (ECF No. 11.)

1

## II. NOTICE OF DISMISSAL – RULE 41

The court construes Plaintiff's motion to withdraw this case as a notice of dismissal under Rule 41(a)(1). In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997). No defendant has filed an answer or motion for summary judgment in this case. Therefore, Plaintiff's case is dismissed under Rule 41.

## III. REQUEST FOR RELIEF FROM PAYMENT OF FILING FEE

Plaintiff requests the court to excuse him from payment of the filing fee for this case, because Plaintiff was misled by another inmate into filing the case based on an erroneous legal theory. Plaintiff asserts that the other inmate assisted him by preparing the Complaint and that he did not know that the case was barred by <u>Heck v. Humphrey</u> and <u>Edwards v. Balisok</u> until he received the court's order to show cause.

"'Filing fees are part of the costs of litigation.'" <u>Slaughter v. Carey</u>, No. CIVS030851MCEDADP, 2007 WL 1865501, at *2 (E.D. Cal. June 28, 2007) (quoting <u>Lucien v. DeTella</u>, 141 F.3d 773, 775 (7th Cir.1998)). "Prisoner cases are no exception." <u>Id.</u> "The Prison Litigation Reform Act has no provision for return of fees that are partially paid or for cancellation of the remaining fee." <u>Id.</u> (citing <u>see</u> <u>Goins v. Decaro</u>, 241 F.3d 260, 261-62 (2d Cir. 2001) (inmates who proceeded *pro se* and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew

their appeals)). "In fact, [a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" Id. (quoting Goins, 241 F.3d at 261). The *in forma pauperis* statute allows prisoners to proceed without *prepayment* of the filing fee, but prisoners are still required to pay the filing fee in full, notwithstanding *in forma pauperis* status. 28 U.S.C. § 1915(a)(2) (emphasis added).

Plaintiff is not entitled to be excused from paying the filing fee for this action, even if he filed the case based on misleading advice from another inmate. The filing fee is collected by the court as payment for filing the case, and Plaintiff's case was filed.

Therefore, Plaintiff's request to be excused from paying the filing fee for this action shall be denied.

## IV. CONCLUSION

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of dismissal is effective as of the date it was filed;
2. This action is DISMISSED in its entirety without prejudice;
3. Plaintiff's request to be excused from payment of the filing fee is DENIED; and
4. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **April 19, 2018**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE